UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:02CR26(SRU) |
| DEXTER PEACOCK | : | January 15, 2008 |

MEMORANDUM RE: REVOCATION HEARING

    The defendant, Dexter Peacock, will be before the Court tomorrow to respond to a petition to find a violation of his supervised release conditions. The Bridgeport Police arrested Mr. Peacock on December 14, 2007 and have charged him with various drug-related offenses. Due to the pending nature of those charges, Mr. Peacock has Fifth Amendment concerns that what he says in his supervised release hearing may be used against him in his state drug charges. The defendant, however, is not seeking a continuance of his supervised release hearing. Instead, he believes that under the circumstances of this case, the Court may proceed on violations that do not implicate his Fifth Amendment concerns regarding the pending state cases, and the Court will, in Mr. Peacock's estimation, still be able to achieve a just result.

    Mr. Peacock intends to admit tomorrow that he violated his supervised release conditions by failing to report his arrest to his Federal Probation Officer, Joseph Zampano. On the petition alleging the supervised release violations, that charge is labeled "Charge #2." In addition, Mr. Peacock will admit to two additional violations of supervised release, though not as described in the petition. In other words, charges #2 and #3 allege that he violated standard conditions of supervised release by, *inter alia,* associating with a felon and by consuming excessive amounts of alcohol. In the explanatory statements below those charges on the petition, the Probation Office describes conduct associated with the pending state drug charges. For Fifth Amendment reasons, the defendant remains silent as to those explanatory statements, but he admits to violating the conditions in other ways. That is, he admits to violating the term of supervised release set forth in charge #3 by associating with a felon, and he admits to violating the condition set forth in charge #4 by drinking excessive amounts of alcohol. In that regard, Mr.

- 2 -

Peacock reported to the Probation Office on January 9, 2008 and told Mr. Zampano that he had been drinking the night before. According to Mr. Zampano, the defendant's alcohol use was apparent.

Mr. Peacock's original term of supervised release was three years, and it commenced on March 11, 2005. His underlying conviction was a Class C felony, so on a revocation the maximum term of incarceration he faces is 2 years. 18 U.S.C. § 3583(e)(3). The violations he proposes to admit are Grade C violations, and based on his Criminal History Category of V, his guideline revocation range would be 7-13 months. U.S.S.G. §§ 7B1.1(a)(3) and 7B1.4. That range is, of course, advisory. Thus, the Court may sentence Mr. Peacock from 0-24 months, regardless of whether his violations are Grade A or C.

Mr. Peacock will seek a sentence in the range of 7-13 months. He had completed nearly all of his supervised release term when he was arrested. He had less than three months to go when he was arrested. Since his release from incarceration, he was married and had a child. He worked at various low-paying, but legitimate jobs, and he reported to his Probation Officer. He was in good standing with his Probation Office until his arrest. Mr. Peacock understands that he has undone much progress he had made in his life, and he realizes that his family, especially his young daughter, will now suffer for his poor decision-making. Mr. Peacock is highly disappointed in himself for violating his supervised release conditions and wishes to express his remorse to the Court.

    Respectfully submitted,

    The Defendant,
    Dexter Peacock

    Thomas G. Dennis
    Federal Defender

Dated: January 15, 2008

    Terence S. Ward
    Asst. Federal Defender
    10 Columbus Blvd, FL 6
    Hartford, CT 06106-1976
    Bar No. Ct00023
    (860) 493-6260
    Email: terence.ward@fd.org

- 3 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2008, a copy of the foregoing Memorandum re: revocation hearing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
Terence S. Ward